924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene T. FAVORS, Plaintiff-Appellant,
v.
M. BARNETT; S. Johnson; Foster, Mr., Defendants-Appellees.
 No. 90-1690.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He includes in his brief a request for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Gene T. Favors filed his complaint against three employees of the Michigan Department of Corrections. He alleged that defendants caused his removal from the academic program, which resulted in his confinement to his room during class time. He also maintained that defendants were responsible for placing defamatory information in his prison file. He sought monetary damages and the removal of the allegedly false notation from his file.
 
 
 3
 Upon review, we conclude that summary judgment in favor of defendants was proper. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 4
 First, there is no genuine issue of material fact. The parties dispute whether Favors was removed from the program involuntarily. The parties also disagree as to whether the alleged notation actually appears in Favor's file and, if so, whether it was placed there by any of these defendants. Nevertheless, these disputes do not present any genuine issues of material fact because, even when viewed in a light favorable to the nonmoving party, they do not support a jury verdict in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 5
 Second, defendants are entitled to judgment as a matter of law. Favors's claims for monetary relief were properly dismissed because he failed to specify that he was suing defendants in their individual capacities. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Defendants are not subject to suit for damages in their official capacity. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 6
 Moreover, Favors's claims do not rise to the level of constitutional violations. He has no constitutional right to participate in a prison academic program. See Hoptowit v. Ray, 682 F.2d 1237, 1254 (9th Cir.1982). Confinement to his room during class time does not constitute the unnecessary and wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 319 (1986). Defamation is not actionable under Sec. 1983. See Paul v. Davis, 424 U.S. 693, 706 (1976). Additionally, Michigan law provides adequate administrative and judicial procedures through which Favors may challenge inaccuracies in his prison file. See Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985).
 
 
 7
 Finally, contrary to Favors's assertions, he is not entitled to a jury trial prior to entry of summary judgment. See Fed.R.Civ.P. 56(c).
 
 
 8
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.